**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.** <u>26-mj-6279-PAB</u>

FILED BY_____SM_____D.C.

May 20, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**UNITED STATES OF AMERICA**

**v.**

**FILIBERTO LOPEZ MENDEZ,**
        **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

2. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

3. Did this matter involve the participating of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Herandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: *Joseph A. Cooley*
JOSEPH A. COOLEY
Assistant United States Attorney
Florida Bar No. 966460
500 E. Broward Bouvard, Suite 700
Fort Lauderdale, FL 33394
Tel# (954) 660-5694
Joseph.Cooley2@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>v.<br>Filiberto Lopez Mendez, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| _____<br>*Defendant(s)* | ) |

Case No. 26-mj-6279-PAB

FILED BY_____SM_____D.C.

May 20, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 18, 2026 _____ in the county of _____ Broward _____ in the _____ Southern _____ District of _____ Florida and elsewhere _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a). | Illegal Reentry of a Removed Alien |

This Criminal Complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Emy J Vega-Flores, Border Patrol Agent, CBP
_____
*Printed name and title*

Sworn to before me via FaceTime.

Date: __ May 20, 2026 __

_____
*Judge's signature*

City and state: _____ Fort Lauderdale, Florida _____

Hon. Judge Panayotta Augustin-Birch, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Emy J Vega-Flores, being first duly sworn, hereby depose and state the following:

1.      I am a Border Patrol Agent with the United States Border Patrol (USBP), Customs and Border Protection (CBP) and have been so employed for over eighteen (18) years. I have been employed as a full-time sworn federal agent with USBP since 2007, having graduated from the USBP Basic Border Patrol Training Academy which included specialized training in Title 8 United States Code, the Immigration and Naturalization Act, Title 21 United States Code, the Controlled Substances Act, and Title 19 United States Code customs law violations.   My current responsibilities include the investigation of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal offenses.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that FILIBERTO LOPEZ MENDEZ committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

## PROBABLE CAUSE

3.      On 10/15/2025, a Dania Beach Border Patrol Station (PPF) Supervisory Border Patrol Agent was performing immigration enforcement roving patrol duties in the city of Hollywood, Florida. The agent conducted record checks on a gold in color Toyota Highlander bearing Florida license plate 05ELLT. Record checks revealed the registered owner was a citizen and national of Guatemala named Filiberto LOPEZ Mendez (YOB: 1994) who had been previously deported from the United States. The agent was unable to perform a vehicle stop at that time and forwarded the information to PPF Targeting Unit (TU) for investigation and enforcement action.

4.      PPF TU agents performed further record checks on LOPEZ using U.S. Department of Homeland Security (DHS) databases. These systems, along with further record checks revealed the following immigration and criminal history:

5.      Records showed LOPEZ is a citizen and national of Guatemala who first illegally entered the United States on 04/25/2016 by crossing the U.S./Mexico international boundary near Sasabe, Arizona. LOPEZ was arrested by the United States Border Patrol (USBP) on 05/02/2016 near Three Points, AZ. On 05/03/2016, LOPEZ was served with a Notice and Order of Expedited Removal by a Designated Official (DO) and physically removed from the U.S. on 06/15/2016 via Miami, FL to his country of citizenship, Guatemala (see USBP event number TUS1605000019 for full details).

6.      On 02/05/2017, LOPEZ was arrested by the Hollywood Police Department (HPD) in Hollywood, Florida and charged with Resist Officer without Violence (misdemeanor 1st degree, adjudication withheld). Court case number: 062017MM001103A88810. DHS records do not show any data as to how LOPEZ re-entered the U.S. after he was previously removed on 06/15/2016.

7.      On 12/12/2019, a U.S. Customs & Border Protection (CBP) Officer and a Broward Sheriff's Office (BSO) Deputy encountered LOPEZ at the Fort Lauderdale, Florida International Airport (FLL) after LOPEZ, and seven other subjects entered a restricted area, allegedly while performing work for the Turner Construction Company. The subjects, including LOPEZ, did not have proper identification to enter the restricted area and the Deputy called FLL CBP Officers to interview the subjects. During his interview, LOPEZ admitted he was illegally present in the U.S. and was transported to PPF for processing. At the station, LOPEZ' previous removal order was reinstated under Form I-871, Notice of Intent/Decision to Reinstate Final Order (dated 12/12/2019). On 12/26/2019, LOPEZ was physically removed from the U.S. via Alexandria, LA

to his country of citizenship, Guatemala (see USBP event number PPF2012000013 for full details).

8.     On 02/05/2021, LOPEZ was arrested by USBP after he illegally crossed the U.S./Mexico international boundary near Presidio, Texas. This arrest occurred during the "COVID-19 Pandemic" public health emergency, as a result, LOPEZ was processed under Title 42 guidelines and returned to his last country of transit (Mexico). Note: Title 42 was a public health order first invoked by the U.S. government in March 2020 at the onset of the COVID-19 pandemic. Based on a 1944 U.S. health law, it authorized border authorities to immediately expel migrants and asylum seekers arriving at U.S. borders in order to prevent the spread of communicable diseases (see USBP event number VHT2102000041 for full details)

### LOPEZ found in the United States

9.     On 05/18/2026, PPF TU agents and officers re-visited LOPEZ' investigation and were conducting covert surveillance at LOPEZ' current address of 6205 Rodman St, Hollywood, FL 33023. At approximately 12:45 PM, agents observed the gold in color Toyota Highlander bearing Florida license plate 05ELLT parked in the open and ungated driveway of the residence immediately next to the public sidewalk and street. The license plate was still registered to LOPEZ. At approximately 1:10 PM, agents observed LOPEZ exit the residence and enter the front passenger side of the Highlander (no other occupants were present). Agents were able to identify the subject as LOPEZ from his previous arrests' photographs. LOPEZ appeared to be rummaging through some papers in the glovebox. After several minutes, LOPEZ exited the passenger seat, walked to the rear of the highlander and was standing next to the public sidewalk with the Highlander's rear liftgate opened.

10.    At this time, agents converged at LOPEZ' location next to the sidewalk and approached LOPEZ. The agents/officers were donning their agency badges prominently displayed

on their chests. Agents immediately identified themselves as immigration officers and LOPEZ initially attempted to flee as he quickly turned around, however, agents were able to quickly detain him. Agents asked LOPEZ if he had any form of identification, LOPEZ guided agents to a Guatemalan Identification Card (No: N059702326-1319) in his pant's pocket. The ID card displayed a front-view photo of LOPEZ and identified him as Filiberto LOPEZ Mendez. Agents explained to LOPEZ he did not have any immigration documents that would allow him to be legally present or remain in the U.S. At approximately 1:25 PM, agents placed LOPEZ under arrest for being illegally present in the United States and transported him to PPF for processing.

11.     At the station, LOPEZ' biographical, computer records, and biometric information (his fingerprints) were entered into DHS systems to include the Integrated Automated Fingerprint Identification System (IAFIS). These systems, along with further record checks confirmed via fingerprint match LOPEZ' immigration and criminal history.

12.     At approximately 6:04 PM, LOPEZ was read and explained his Miranda Rights as per Form I-214. LOPEZ stated he understood his rights and wished to speak with agents. During his interview, LOPEZ admitted to being a citizen and national of Guatemala and he did not have any immigration documents that would allow him to be legally present in the U.S. LOPEZ also admitted to agents he knew it was illegal to enter the U.S. in the manner and place in which he did. LOPEZ claimed he last entered the U.S. by crossing the border illegally near Texas on 02/22/2022 (For full details please refer to the video recording of LOPEZ' interview.

13.     A search of the records maintained by the United States Citizenship and Immigration Services further disclosed that LOPEZ never sought to apply for permission from the United States Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557), in order to return and apply for admission

into the United States after having been removed.

14.     Based upon the foregoing, there is probable cause to believe that LOPEZ, an alien, having previously been removed from the United States on or about 06/15/2016, and again on 12/26/2019, was found to be in the United States, knowingly and unlawfully, without having received the express consent of the Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557), to his reapplication for admission, in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Emy J Vega-Flores, Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with Fed. R. Crim. P. 4.1
in Fort Lauderdale by FaceTime this 20th day of May 2026.

HON. PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA